IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 27, 2010 at Knoxville

**TERRY B. JOHNSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
**No. 59791     James K. Clayton, Jr., Judge**

_____

**No. M2009-02125-CCA-R3-PC - Filed November 29, 2010**

_____

The Petitioner, Terry B. Johnson, appeals as of right from the Rutherford County Circuit Court's denial of his petition for post-conviction relief challenging his conviction for sale of less than .5 grams of cocaine and resulting 15-year sentence. The Petitioner contends (1) he was denied his Sixth Amendment right to the effective assistance of counsel at trial; (2) he was denied a "full and fair hearing" on his petition due to the ineffective assistance of his post-conviction counsel; and (3) he was denied a "full and fair hearing" on his petition because the judge presiding over his post-conviction proceedings also presided over the original trial proceedings. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Terry B. Johnson, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William Whitesell, District Attorney General; and Trevor H. Lynch, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The record reflects that the Petitioner was convicted by a jury of the sale of less than .5 grams of cocaine. The Petitioner was classified as a career offender, and the trial court imposed a sentence of 15 years. This court affirmed the Petitioner's conviction and sentencing on direct appeal. State v. Terry V. Johnson, No. M2005-01858-CCA-R3-CD, 2006 WL 1627301 (Tenn. Crim. App. June 12, 2006). The Petitioner filed a timely petition

for post-conviction relief on February 2, 2007. An evidentiary hearing was held on June 25, 2007, and on August 9, 2007, the post-conviction court issued an order denying the petition. On November 4, 2009, this court entered an order granting the Petitioner a delayed appeal of the post-conviction court's order.

At the evidentiary hearing, trial counsel testified that the Petitioner was convicted based upon the testimony of Detective Merrill Beene of the Murfreesboro Police Department and a video recording of the Petitioner selling cocaine to a confidential informant. Trial counsel's defense strategy was to challenge the identity of the seller because the seller only appeared in the video for a few seconds and because Detective Beene did not actually witness the transaction. Prior to trial, counsel was informed that the confidential informant had identified a photograph of another person as the seller. However, on the day of trial the confidential informant saw the Petitioner and identified him as the seller. The State chose not to call the informant as a witness. Trial counsel had to decide whether to call the confidential informant as a witness in order to elicit his testimony about the misidentification. Trial counsel testified that he ultimately decided the risk of the informant's identifying the Petitioner on cross-examination was too great to call him as a witness. Trial counsel also testified that he believed an in-person identification in front of the jury would outweigh any gains made from the informant's testimony regarding his misidentification of the seller.

At the evidentiary hearing, it was also alleged that trial counsel erred by failing to request the dismissal of a juror who saw the Petitioner in handcuffs. Trial counsel testified that when the issue was brought to the trial court's attention, the trial court individually questioned the juror. The juror stated that he had not seen the Petitioner in handcuffs and that even if he had it would not influence his decision. The juror also stated that he understood the Petitioner was entitled to a presumption of innocence and that he would not tell the other jurors about what he may have seen. Trial counsel testified that the trial court then gave the Petitioner the option of requesting a mistrial or continuing with the trial. The Petitioner stated that he wanted to continue with the trial, that he understood the juror could be one of the final 12 jurors to decide his case, and that he understood agreeing to go forward would waive any future challenge based on the incident.

At the evidentiary hearing, Detective Beene testified that trial counsel did not ask him for an interview with the confidential informant. Detective Beene also confirmed that he did not actually witness the drug buy. The Petitioner testified that the day before his trial he had been informed about the misidentification and that his trial counsel told him that he would call the confidential informant as a witness. The Petitioner testified that the next day he was surprised when the informant was not called and that he told trial counsel he wanted the informant called as a witness. He explained that he did not really object to trial counsel's failure to call the informant because he did not have an opportunity. The Petitioner also

testified that he was positive that a juror saw him in handcuffs regardless of what the juror told the court. The Petitioner testified that he was not aware the juror could be dismissed and that he thought his only option was a mistrial.

ANALYSIS

The Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel because trial counsel failed to call the confidential informant as a witness and failed to request that a possibly tainted juror be dismissed. The Petitioner further contends that he was denied a "full and fair hearing" on his petition due to the ineffective assistance of his post-conviction counsel and because the presiding judge also presided over his original trial proceedings. The State responds that the Petitioner failed to demonstrate that trial counsel's performance was deficient. The State also responds that the Petitioner was given a "full and fair hearing" on his petition.

*I. Ineffective Assistance of Trial Counsel*

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the post-conviction court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

The Petitioner, trial counsel, and Detective Beene were the only witnesses who testified at the post-conviction hearing. The Petitioner did not present the testimony of either the confidential informant or the alleged improper juror. This court has long held that

-3-

"[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We cannot speculate as to what these witnesses may have said if presented or how other witnesses may have responded to a rigorous cross-examination. Id. This court has held similarly in cases where a petitioner contends that a juror should have been dismissed due to improper bias. See Danny Johnson v. State, No. M2008-02115-CCA-R3-PC, 2009 WL 4723382 at *3 (Tenn. Crim. App. Dec. 9, 2009) (noting the petitioner's failure to present testimony of alleged tainted juror to support his claim of ineffective assistance relative to jury selection), perm. app. denied (Tenn. May 12, 2010). Accordingly, we conclude that the post-conviction court did not err in finding that the Petitioner failed to establish by clear and convincing evidence that counsel was ineffective at trial.

## II. Ineffective Assistance of Post-Conviction Counsel

The Petitioner contends that his post-conviction counsel was ineffective because he failed to present the confidential informant as a witness at the evidentiary hearing. However, our supreme court has made clear that there is no constitutional right to effective assistance of counsel in post-conviction proceedings. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995), cert. denied, 517 U.S. 1193 (1996). Petitioners do have a statutory right to assistance of counsel in post-conviction proceedings, but there is no statutory right that the assistance be effective pursuant to constitutional guidelines. Id. The Petitioner was afforded the opportunity to present his evidence and cross-examine witnesses, and is bound by the action or inaction of his post-conviction counsel. Id. at 714. Accordingly, we conclude that the Petitioner's claim is without merit.

## III. Judicial Recusal

The Petitioner contends that he was denied a "full and fair hearing" on his petition because the judge presiding over the post-conviction proceeding was the same judge who presided over his original trial. It has long been held that "a judge is in no way disqualified merely because he has participated in other legal proceedings against the same person." Harris v. State, 947 S.W.2d 156, 172 (Tenn. Crim. App. 1996). In order for a judge to be disqualified due to prejudice, that prejudice must arise from an extrajudicial source. Id. Furthermore, "adverse rulings by a court are not usually sufficient grounds to establish bias." Id. at 173. The practice of permitting "the judge who presided at the trial in which the conviction occurred . . . to preside over post-conviction proceedings when the competency of trial counsel has been challenged" is "pervasive." Id. at 172-73. To hold otherwise and "require recusal whenever a trial judge in a post-conviction proceeding has knowledge of

disputed facts would wreak havoc in the criminal justice system." <u>Id.</u> at 173.  Accordingly, we conclude that the Petitioner's claim is without merit.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.


_____
D. KELLY THOMAS, JR., JUDGE